IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KAIVEN LEMAR WESLEY                                                  PLAINTIFF

v.                          Civil No. 1:22-cv-01026

TIFFANY KINLEY, Jail Supervisor, Ouachita County
Detention Center ("OCDC"); NURSE STEPHANIE
HOLMES, Jail Nurse OCDC; CORRECTIONAL
OFFICER K. LIPPS, OCDC; DR. JOSEPH DELUCA,
Jail Doctor, OCDC; and CORRECTIONAL OFFICER
PEYTON POTTER                                        DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 8). Defendants have not responded and the time to do so has expired.

### I. BACKGROUND

Plaintiff filed his Complaint on May 4, 2022. (ECF No. 1). He was granted *in forma pauperis* status that same day. (ECF No. 3). Plaintiff alleges Defendants denied and delayed providing him with medical care at the Ouachita County Detention Center ("OCDC") for a hernia, kidney and bladder issues, earaches, and headaches. *Id.* at pp. 5-8.

In the instant motion, Plaintiff states Defendants have retaliated against him for filing a civil rights lawsuit against them and he would "like to be transfer to a federal holding that can meet my medical care issue were the jail nurse and doctor can see me for my medical needs for my hernia that is life threating and my kidney when I uring blood…I need to be transfer do to my life threating hernia…" (ECF No. 8).

1

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

## III. DISCUSSION

First, Defendants deny all the allegations made against them by Plaintiff. At this early stage of the litigation, it is impossible to decide whether Plaintiff will succeed on the merits of his claims concerning whether Defendants were deliberately indifferent to his medical needs.

Second, Plaintiff has not alleged he will suffer any irreparable harm if injunctive relief is denied. It appears Plaintiff simply wants to be transferred from the OCDC to a different facility.[1] Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

Third, the Court must also balance the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's unsubstantiated allegations would amount to direct interference by the Court with the operation and administration of the OCDC which is harmful to Defendants and does not serve any public interest.

## IV.  CONCLUSION

Accordingly, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 8) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of August 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Specifically, Plaintiff requests transfer to a Federal prison facility.  The Court is unaware of any procedure, and Plaintiff has identified none, that allows transfer of a state prisoner to a Federal facility for medical care.