IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KAIVEN LEMAR WESLEY                                                                                     PLAINTIFF

v.                                             Case No. 1:22-cv-1026

TIFFANY KINLEY, Jail Supervisor,
Ouachita County Detention Center, *et al*.                                                      DEFENDANTS

## **ORDER**

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 19. Judge Bryant recommends that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 8) should be denied without prejudice. Plaintiff has filed a timely objection. ECF No. 27. The Court finds the matter ripe for consideration.

Plaintiff is currently detained within the Ouachita County Detention Center ("OCDC"). On May 4, 2022, Plaintiff filed his complaint against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that Defendants, as employees of the OCDC, have denied and delayed providing him with necessary medical care for his hernia, his kidney and bladder issues, and his earaches and headaches. On June 7, 2022, Plaintiff filed his motion for a preliminary injunction and temporary restraining order. ECF No. 8. Plaintiff seeks to have the Court order him to be transferred to a different detention facility at which he could obtain proper care for his medical issues. *Id*.

On August 4, 2022, Judge Bryant issued the instant Report and Recommendation. ECF No. 19. After consideration of the four factors from *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) used to evaluate requests for restraining orders and preliminary injunctions, Judge Bryant concludes that Plaintiff's request should be denied without prejudice.

*Id*. at p. 2-3.  Judge Bryant first notes that Defendants have denied all allegations and that there is no way to evaluate Plaintiff's chances of success on the merits at this time.  *Id*. at p. 2.  Judge Bryant then determines that Plaintiff has not alleged any irreparable harm that will result if the requested relief is not grated.  *Id*. at p. 3.  Lastly, Judge Bryant determines that that public interest considerations and the deference courts must generally give to state prison administrators weighs in favor of denying Plaintiff's request.  *Id*.

Defendant filed a timely objection.  ECF No. 27.  However, Defendant has made no specific objection to Judge Bryant's analysis.  Instead, Plaintiff reiterates his arguments regarding his health issues and erroneously asserts that his motion for the restraining order and preliminary injunction must be granted because Defendants did not file a response.  Without objections that are both timely and specific, the Court need only review Judge Bryant's recommendation for clear error.  *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (timely objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*); *see also* 28 U.S.C. § 636(b)(1).

Upon review, finding that there is no clear error on the face of the record and that Judge Bryant's reasoning is sound, the Court adopts the Report and Recommendation (ECF No. 19) *in toto*.  Accordingly, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 8) is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge