IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KAIVEN LEMAR WESLEY                                                              PLAINTIFF

v.                                              Civil No. 1:22-cv-01026

TIFFANY KINLEY, Jail Supervisor, Ouachita County
Detention Center ("OCDC"); NURSE STEPHANIE
HOLMES, Jail Nurse OCDC; CORRECTIONAL
OFFICER K. LIPPS, OCDC; DR. JOSEPH DELUCA,
Jail Doctor, OCDC; and CORRECTIONAL OFFICER
PEYTON POTTER                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Legal Copies (ECF No. 55) which the Court interprets as a Motion for Injunctive Relief. Defendants have not responded and the time to do so has expired.

### I. BACKGROUND

Plaintiff filed his original Complaint on May 4, 2022. (ECF No. 1). He was granted *in forma pauperis* status that same day. (ECF No. 3). Plaintiff filed his Amended Complaint on August 29, 2022. (ECF No. 33). In his Amended Complaint, Plaintiff alleges Defendants denied and delayed providing him with medical care at the Ouachita County Detention Center ("OCDC"), and violated his First, Eighth, and Fourteenth Amendment rights with retaliation and the conditions of his confinement. *Id.*

1

In the instant motion, Plaintiff request the Court order Miller County Jail ("MCJ"), where he is currently incarcerated, to provide him with copies of the motions he files with the Court. (ECF No. 55). MCJ is not a party to this lawsuit.

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs requests for injunctive relief. Federal courts may issue an order for a temporary restraining order ("TRO") without first hearing from all parties only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). By contrast, courts may issue preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). Courts apply the same legal standard for issuing a TRO or preliminary injunction. *See S. B. McLaughlin & Co., Ltd. V. Tudor Oaks Condominium Project*, 877 F.2d 707, 708-09 (8th Cir. 1989). Required considerations include: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other interested parties; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

While no single factor, alone, is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). Further, a "mere possibility" irreparable harm will occur is insufficient. *Sessler v. City of Davenport, Iowa,* 990 F.3d 1150, 1156 (8th Cir. 2021). "A movant must show he is *likely* to suffer irreparable harm in the absence of preliminary relief" to establish the need for injunctive relief. *Id.* (emphasis added). The burden of proof for a

preliminary injunction rest on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

Finally, the Court has no authority to enjoin nonparties to a lawsuit unless such nonparty's interests "closely identify with those of the defendant, when the nonparty and defendant stand in privity, or when the defendant represents or controls the nonparty." *Thompson v. Freeman*, 648 F.2d 1144, 1147 (8th Cir. 1981) (internal quotations and citations omitted); Fed. R. Civ. P. 65(d). *See also Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Services*, 364 F.3d 925, 933 (8th Cir. 2004) (reversing injunction as it applied to a nonparty concluding that nonparty's mere "supervisory" role did not qualify as active participation within the meaning of Rule 65).

### III.  DISCUSSION

MCJ is not a party to this lawsuit, and there are no allegations MCJ is acting in concert, closely identifies, or stands in privity with any parties to this action. Therefore, the Court has no authority to enjoin MCJ and order it to allow Plaintiff unlimited copies of his court filings. *Id.*

Even if Plaintiff could show the Court had authority to enjoin MCJ, he has failed to demonstrate injunctive relief is warranted. First, Plaintiff failed to allege he will suffer any irreparable harm if his injunctive relief is denied. He does not allege the inability to make copies of his motions is inhibiting his access to the court in anyway. To the contrary, the record here shows, Plaintiff has filed thirty-three (33) separate filings since initially filing his Complaint in May 2022. *See Cody v. Slykhuis*, No. CIV. 04-4169, 2006 WL 759683, at *3 (D.S.D. Mar. 23, 2006) (explaining the failure of a jail to provide unlimited access to a copy machine, without more, is not a *per se* violation of the plaintiff's access to the courts right).

Furthermore, Defendants deny all the allegations made against them by Plaintiff in his first Amended Complaint. The Court has granted Plaintiff's recent Motion for Leave to file a Second Amended Complaint, and this amendment has not yet been filed, screened, or answered. At this early stage of the litigation, it is impossible to determine whether Plaintiff will succeed on the merits of his claims.

Lastly, in assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's unsubstantiated allegations would amount to direct interference by the Court with the operation and administration of the MCJ which is harmful to the MCJ and does not serve any public interest.

## IV.  CONCLUSION

Accordingly, I recommend Plaintiff's Motion for Copy of Legal Papers (ECF No. 55) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of January 2023.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE