IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
El DORADO DIVISION

KAIVEN LEMAR WESLEY                                                                         PLAINTIFF

v.                      Civil No. 1:22-CV-01026

TIFFANY KINLEY;
NURSE STEPHANIE HOLMES;
KEANE LIPPS; DR. JOSEPH DELUCA;
CORRECTIONAL OFFICER PEYTON POTTER;
CAMERON OWNES; TIMOTHY GREER;
CAROLINE KASTINGS; and
FOUR DOES WESTERN DISTRICT MARSHAL SERVICE            DEFENDANTS

**ORDER**

Plaintiff, Kaiven Lemar Wesley, currently an inmate of the Miller County Detention Center, originally submitted his *pro se* civil rights Complaint under 42 U.S.C. 1983 on May 4, 2022. (ECF No. 1). The Court granted Plaintiff's *in forma pauperis* (IFP) status on the same day. (ECF No. 3). Plaintiff filed an Amended Complaint on August 29, 2022. (ECF No. 33). Since August 2022, Plaintiff has moved to amend his Amended Complaint multiple times. (ECF Nos. 43, 44, 45). On January 11, 2023, the Court granted Plaintiff leave to file a Second Amended Complaint in order to combine all of his requested amendments in one document. (ECF No. 73). Plaintiff filed his Second Amended Complaint on January 30, 2023. (ECF No. 84). It is this Second Amended Complaint that is currently before the Court.

In Plaintiff's original Complaint, he alleges denial and delay of medical care claims against Tiffany Kinley, Stephanie Holmes, K. Lipps (later identified as Keane Lipps)1, and Dr. Joseph Deluca. 2 (ECF Nos. 1). Specifically, Plaintiff alleges these Defendants violated his

---

1 Defendant Lipps has not answered Plaintiff's Complaint and is in default. (ECF No. 26).
2 Plaintiff also made claims against a Correctional Officer Peyton Potter in his original Complaint but did not include Officer Potter as a Defendant in his First or Second Amended Complaints.

constitutional rights by (1) delaying medical care in February 2022 regarding gastrointestinal aliments; (2) denying medical care in September 2021 regarding a hernia, kidney, and bladder aliments; and (3) denying medical care in January 2022 regarding ear aliments. *Id.* In his First Amended Complaint, Plaintiff (1) joined Captain Cameron Owens as a Defendant regarding the alleged February 2022 delay of medical care over the gastrointestinal aliments; and (2) added an additional denial of medical care claim against Defendants Stephanie Holmes, Cameron Owens, Tiffany Kinley, Dr. Joseph Deluca, for exposing him to and denying him treatment of COVID-19 in July 2022. (ECF No. 33, pp. 1-2). The Court accepted this First Amended Complaint by filing it on August 29, 2022.

In his Second Amended Complaint, Plaintiff restates all previous claims against Defendants Kinley, Holmes, Lipps, Deluca, and Owens. (ECF No. 84). However, Plaintiff asserts, for the first time, the additional denial of medical care claim against Defendant Cameron Owens, and United States Marshals Timothy Greer, Caroline Kastings, and John Doe Marshalls (ECF No. 84, p. 12). Plaintiff alleges this denial occurred in October 2022 because the United States Marshal Service refused to pay for his medical visits and to train employees. *Id*.

"Although plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions, there are limitations on this right." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1657 (3d ed. 1998 & Supp. 2021). Rule 20(a)(2) of the Federal Rules of Civil Procedure provides:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

---

(ECF No. 33, 73).

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Up to this point, the Court has been lenient in allowing Plaintiff's continued amendments and joinder of parties in this action. However, Plaintiff cannot continue to add claims and defendants to this case as new events occur during his continued incarceration. The denial of medical care claim against the United States Marshals and Defendant Owens arise out of different occurrences than the incidents included in Plaintiff's original and First Amended Complaints. Furthermore, the alleged violation of refusing to pay for medical care is unrelated to the previously asserted claims. Accordingly, there is no logical relationship between Plaintiff's latest claim against and his previous claims. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court may at any time drop parties or sever any claim against a party. *Id.* "'[S]everance under Rule 21 creates two separate actions where previously there was but one.'" *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).

Accordingly, the Clerk is directed to:

(1) sever the Plaintiff's claim number six from his Second Amended Complaint, against Cameron Owens, Timothy Greer, Caroline Kastings, and four John Doe United States Marshals and open a separate lawsuit in Plaintiff's name listing these individuals as Defendants;

(2) terminate Defendants Timothy Greer, Caroline Kastings, and four John Doe United States Marshals from the docket in this case;

(3) file a copy of Plaintiff's Second Amended Complaint (ECF No. 84) in the severed case;

(4) file a copy of this Order in the severed case;

(5) mail the Plaintiff a Section 1983 Complaint Form and *in forma pauperis* (IFP) Application; and

(6) accept no further amended complaints or supplements to complaints from Plaintiff in this case.

**Plaintiff is directed to file an Amended Complaint in the severed case asserting only his claim against Defendants Owens, Greer, Kastings, and John Doe Marshals regarding the October 2022 denial of medical care.**

**The Amended Complaint and IFP Application should be filed by no later than May 3, 2023.**

In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant.

Plaintiff is **CAUTIONED** that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do, the allegations against that Defendant will be dismissed for failure to state a claim.

The Plaintiff must clearly designate on the face of the document that it is a First Amended Complaint. The First Amended Complaint must be retyped or rewritten in its entirety on the court-approved form. Plaintiff **may not incorporate any part of the original Complaint.** A First Amended Complaint supersedes, or takes the place of, the original Complaint. After

amendment, the Court will treat the original Complaint as nonexistent. Any cause of action that was raised in the original Complaint is waived if it is not raised in the First Amended Complaint.

**The severed case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint and IFP Application to the Court by the May 3, 2023 deadline.**

Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.** Plaintiff shall submit a change of address on a separate piece of paper entitled "Notice to the Court of Change of Address" and not include any motions or otherwise request relief in this document. The notice shall contain only information pertaining to the address change. **Failure to inform the Court of an address change shall result in the dismissal of this case.**

Finally, the parties in this case are advised that the remaining claims here are Plaintiff's claims 1 through 5, as listed in his Second Amended Complaint (ECF No. 84), alleged against Defendants Deluca, Holmes, Owens, Kinley, and Lipps. Plaintiff is advised the Court will not allow any further amendments to the Second Amended Complaint.

IT IS SO ORDERED this 12th day of April 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE