IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KAIVEN LEMAR WESLEY                                                                              PLAINTIFF

v.                                         Case No. 1:22-cv-1026

TIFFANY KINLEY, Jail Supervisor,
Ouachita County Detention Center, *et al*.                                                    DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 110. Plaintiff Kaiven Lemar Wesley has filed timely objections. ECF No. 117. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff filed his initial *pro se* Complaint on May 4, 2022. ECF No. 1. Plaintiff subsequently submitted his First Amended Complaint (ECF No. 33) and then his Second Amended Complaint (ECF No. 84), which is the operative complaint in this matter. Plaintiff brings five[1] claims against Defendants pursuant to 42 U.S.C. § 1983, alleging that they unconstitutionally denied him medical care during his confinement in the Ouachita County Detention Center ("OCDC"). ECF No. 84, p. 4-11. Plaintiff's claims are against Defendants in their individual and official capacities. *Id*.

Plaintiff filed a motion for summary judgment on February 28, 2023, generally arguing that there is no factual dispute as to whether Defendants denied him necessary medical care. ECF No. 92. Defendants[2] Owens, Kinley, Deluca, and Holmes responded in opposition, incorporating

---

[1] The Court severed Plaintiff's sixth claim from this matter into a separate action. ECF No. 99.
[2] Defendant Lipps has not filed an answer in this matter. Default was entered against Defendant Lipps on August 12, 2022. ECF No. 26.

their general arguments from a prior response to Plaintiff's earlier motion for summary judgment.[3] ECF No. 97. Judge Bryant issued the instant R&R on Plaintiff's motion for summary judgment on May 31, 2023, recommending that Plaintiff's motion for summary judgment be denied for all claims. ECF No. 110. Plaintiff objected, generally arguing that the evidence establishes that Defendants denied him medical treatment and that they failed to follow OCDC medical procedures. ECF No. 117.

## II. LEGAL STANDARD

### A. Review of Magistrate's R&R

A party may submit written objections to a magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be specific to trigger a *de novo* review, and the lack of specific objections permits a court to only review the recommendations for clear error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1990).

### B. Summary Judgment Standard

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be

---

[3] Defendants incorporate their prior response (ECF No. 60 & 62) and the corresponding affidavit (ECF No. 61) of Defendant Owens.

resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

### III. DISCUSSION

Plaintiff brings five claims against Defendants for unconstitutional denial of medical care related to separate instances of medical distress experienced by Plaintiff during his confinement in the OCDC. ECF No. 84, p. 4-11. Regarding his official capacity claims and the policy he believes violated his rights, Plaintiff cites to the OCDC policy handbook section which states that

3

"necessary medical treatment" will be provided to inmates. *Id*. Plaintiff's motion for summary judgment contends that his attached evidence documenting his medical issues shows that there is no dispute he was denied appropriate medical care. ECF No. 92, p. 2. Defendants' response in opposition asserts that either Plaintiff has failed to show facts that could entitle him to any relief or that there are material facts in dispute precluding an entry of summary judgment in Plaintiff's favor. ECF No. 97, p. 1.

    **A. Individual Capacity Claims**

    Judge Bryant's R&R first evaluates the evidence presented by Plaintiff to support each denial of medical care claim against Defendants. ECF No. 110, p. 2-12. Judge Bryant concludes that Plaintiff has provided sufficient evidence to create a question of material fact for his individual capacity claims against Defendants. *Id*. at p. 12-14. However, Judge Bryant also concludes that the evidence presented is insufficient to establish that there is no dispute of material fact for each claim regarding whether appropriate medical treatment was improperly delayed or denied and whether Defendants had a sufficiently culpable mindset. *Id*. at p. 14-15. Therefore, Judge Bryant recommends that Plaintiff's request for summary judgment for his individual capacity claims be denied. *Id*.

    Plaintiff's objection does not address Judge Bryant's analysis of the evidence supporting his individual capacity claims or the application of the evidence to the standard for denial of medical care claims. Without a specific objection to this aspect of the R&R, the Court need only review Judge Bryant's recommendation for clear error. *See Griffini*, 31 F.3d at 692. Upon review, finding that there is no clear error on the face of the record and that Judge Bryant's conclusion is sound, the Court hereby adopts this aspect of Judge Bryant's R&R. Plaintiff's request for summary judgment for his individual capacity claim is denied.

### B. Official Capacity Claims

Judge Bryant first notes that official capacity claims require that the alleged violation of constitutional rights resulted from an official policy or custom. ECF No. 110, p. 15. He then notes that Plaintiff's claims only allege that the OCDC written policy of providing necessary medical care to inmates was not followed by Defendants. *Id*. Judge Bryant concludes that such alleged failures to follow policy are not capable of establishing liability for official capacity claims. *Id*. However, Judge Bryant also concludes that the evidence submitted by Plaintiff has created a genuine question of fact regarding whether the OCDC had an unofficial custom of not providing medical care to federal detainees unless the United States Marshals Service had given prior approval. *Id*. Therefore, Judge Bryant concludes that Plaintiff has demonstrated a genuine question of material fact but is not entitled to summary judgment for his official capacity claims. *Id*.

Plaintiff's objection does not directly address or attempt to refute Judge Bryant's reasoning and conclusion regarding his official capacity claims. Rather, Plaintiff quotes sections of the OCDC policy handbook that relate to providing inmates with medical care without providing a specific argument to support his claims. ECF No. 117, p. 2. Even applying the required liberal construction to Plaintiff's objection, *Hudson*, 46 F.3d at 786, the Court does not consider this objection sufficiently specific to require a *de novo* review of Judge Bryant's recommendation instead of a review for clear error. *Griffini*, 31 F.3d at 692. Upon review, finding that there is no clear error on the face of the record and that Judge Bryant's conclusion is sound, the Court hereby adopts this aspect of the R&R. Plaintiff's request for summary judgment for his official capacity claims is denied.

## IV. CONCLUSION

For the reasons stated above, the Court hereby adopts Judge Bryant's R&R (ECF No. 110) *in toto*.  Plaintiff's Motion for Summary Judgement (ECF No. 92) is hereby **DENIED** as to all claims.

**IT IS SO ORDERED**, this 28th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
