IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KAIVEN LEMAR WESLEY                                                                    PLAINTIFF

v.                              CIVIL NO. 1:22-cv-01026-SOH

TIFFANY KINLEY; NURSE STEPHANIE HOLMES;
KEANE LIPPS; DR. JOSEPH DELUCA; and
JAIL ADMINISTRATOR CAMERON OWENS                                              DEFENDANTS

**ORDER**

This case was referred to the undersigned by the Honorable Susan O. Hickey for appointment of trial counsel pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. (ECF No. 169).

While a civil litigant has no constitutional or statutory right to a court-appointed attorney, the Court may make such an appointment at its discretion when the circumstances warrant. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) Plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) Plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to Plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams,* 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Courts must exercise "reasoned and well-informed discretion" and should "seriously consider" appointing counsel where an indigent plaintiff states a colorable claim, and the nature of the case is such that he and the Court would

1

benefit from assistance of counsel. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir.1986).

The Court has reviewed the pleadings in this matter and is of the opinion that the appointment of counsel to represent Plaintiff would best serve the interests of justice. Plaintiff has presented a non-frivolous claim; there is a need to further investigate and present the facts related to Plaintiff's allegations; and both Plaintiff and this Court will benefit from the appointment of counsel. Accordingly, the Court finds counsel to represent Plaintiff at trial is warranted.

**IT IS ORDERED**, pursuant to 28 U.S.C. § 1915(e)(1), Cara D. Butler of Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., at 425 W. Capitol Ave., Ste. 1800, Little Rock, AR 72201, is hereby appointed to represent Plaintiff Kaiven Lemar Wesley for trial in this matter.[1]

Counsel is reminded that no federal funds are available to pay attorney's fees to counsel appointed under the provisions of 28 U.S.C. § 1915; however, in the event Plaintiff is a prevailing party at trial, counsel may seek an award of attorney's fees and costs under 42 U.S.C. § 1988, and in the event of settlement, attorney's fees should be negotiated as part of the settlement agreement. Pursuant to Rule 83.6 of the Local Rules for the Eastern and Western Districts of Arkansas, the Court may pay reasonable out-of-pocket expenses where no funds are available from other sources to cover those expenses. Counsel shall follow the guidance provided in Exhibit A to Local Rule 83.6 which provides, *inter alia*, that if counsel intends to seek reimbursement from the fund for an amount exceeding $500, counsel must obtain prior written

---

[1] Should Ms. Butler find it necessary to add or substitute other counsel from the Mitchell Williams Law Firm, said lawyers may enter an appearance. The Court appreciates the willingness of Mitchell Williams Law Firm to accept *pro bono* representation of a member of this community unable to afford counsel.

approval of this Court.

**IT IS SO ORDERED** this 2nd day of October 2024.

/s/ Barry A. Bryant
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE