IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KAIVEN LEMAR WESLEY                                                    PLAINTIFF

v.                          Case No. 1:22-cv-1026

TIFFANY KINLEY; NURSE STEPHANIE
HOLMES; KEANE LIPPS, a/k/a K. Lipps;
DR. JOSEPH DELUCA; and JAIL
ADMINISTRATOR CAMERON OWENS                                            DEFENDANT

## MEMORANDUM OPINION

Before the Court is Plaintiff Kaiven Leman Wesley's ("Wesley") Motion for Default Judgment. ECF No. 244. The Court finds that no response is necessary and the matter is ripe for consideration.

## BACKGROUND

On May 4, 2022, Wesley filed his pro se Complaint in this Court. ECF No. 1. Wesley subsequently filed an Amended Complaint (ECF No. 33)—and then a Second Amended Complaint (ECF No. 84), which is the operative complaint in this matter. Wesley brings several claims pursuant to 42 U.S.C. § 1983 alleging denial of medical care against Defendant Keane Lipps ("Lipps") and others related to Wesley's time as a pre-trial detainee in the Ouachita County Detention Center ("OCDC") in Camden, Arkansas. Lipps' Co-Defendants in the Second Amended Complaint were Cameron Owens, Tiffany Kinley, Joseph Deluca, and Stephanie Holmes.

Lipps failed to respond in this action in any manner and the Clerk of Court subsequently entered default against them. ECF No. 26. Lipps' Co-Defendant's eventually moved for summary judgment on most of Wesley's claims. ECF No. 106. United States Magistrate Judge Barry A. Bryant then issued a Report and Recommendation ("R&R") which recommended that the Court

deny the Co-Defendants' motion.  ECF No. 139.  The Court adopted Judge Bryant's R&R and permitted the claims against the Co-Defendants to proceed to trial.  ECF No. 144.  Wesley also moved for default judgment against Lipps.  ECF No. 133.  Judge Bryant denied Wesley's motion for default judgment against Lipps without prejudice, determining that the merits of the claims against the Co-Defendants should be resolved before addressing any request for default judgment against Lipps.  ECF No. 159.

Prior to trial, the Court appointed counsel to represent Wesley in this matter going forward.  ECF No. 177.  On March 3, 2026, the jury trial for Wesley's claim against the Co-Defendants commenced.  ECF Nos. 229, 230, & 231.  On March 5, 2026, the jury returned a verdict in favor of the Co-Defendants for every claim.[1]  ECF Nos. 233 & 234.  At the conclusion of the trial, the Court requested that Wesley's counsel file a motion addressing Lipps' defaulted status.  On March 30, 2026, Wesley filed the instant motion and brief in support seeking default judgment against Lipps.[2] ECF Nos. 244 & 245.

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  If a plaintiff's claim is not for a sum certain, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Entry of default pursuant to Rule 55(a) must precede the grant of a default judgment pursuant to Rule 55(b).  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  "Upon default, factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for

---

[1] Prior to the claims going to the jury, the Court dismissed Separate Defendant Cameron Owens through a bench ruling on Co-Defendants' motion pursuant to Federal Rule of Civil Procedure 50.  ECF Nos. 231 & 236.

[2] The Court expresses its appreciation to Cara Butler, Wesley's appointed counsel, and her firm's efforts representing Mr. Wesley in this matter.

the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A *Wright & Miller's Federal Practice and Procedure* § 2688 at 63 (3d. ed. 1998)); *and see Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) ("A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint."). Factors a court may considerer when evaluating a motion for default judgment include:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.,* 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007)). The "judicial preference for adjudication on the merits" means that default judgments are generally "not favored by the law and should be a rare judicial act." *Id*. (citations omitted).

## DISCUSSION

Wesley asserts two claims against Lipps pursuant to § 1983 for alleged delay or denial of constitutionally adequate medical care during his time confined in the OCDC. The first claim is against Lipps, Owens, Kinley, and Holmes in their individual and official capacities and relates to gastrointestinal bleeding Wesley experienced in the OCDC from February 19, 2022, until February 21, 2022. ECF No. 84, p. 4-5. Wesley alleges that he had significant amounts of blood in his stool and was in intense pain. Wesley further alleges that Lipps, Owens, Kinley, and Holmes each knew of his serious medical need and did nothing to aid him for approximately three days, which resulted

3

in Wesley needing an extended stay in a hospital and blood transfusions.  As to the official capacity dimension of this claim, Wesley cites the OCDC regulations handbook which provides that necessary medical treatment will be made available to inmates.  The second claim is against Lipps, Kinley, and Holmes in their individual and official capacities and relates to kidney, bladder, and hernia issues Wesley experienced in the OCDC on September 8, 2022.  ECF No. 84, p. 6-7. Wesley alleges that these three issues resulted in him being found "in a ball on the floor" in pain and urinating blood, and that Lipps, Kinley, and Holmes knew of the situation but never arranged for him to be transported to a hospital.  ECF No. 84, p. 6.  For the official capacity aspect of this claim, Wesley again cites the OCDC regulations handbook and its provision that inmates will receive necessary medical care.

In the instant motion, Wesley argues that taking his allegations as true demonstrates that he is entitled to default judgment against Lipps for each claim.  Wesley contends that this extends to the official capacity dimension of these claims because Ouachita County was clearly on notice of these claims and defended against them at trial through the Co-Defendants.  Wesley also contends that his allegations—coupled with his testimony and the evidence introduced at trial— entitle him to $175,000 in compensatory damages and $400,000 in punitive damages against Lipps.

The Court finds that the outcome of the jury trial on these claims against Lipps' Co-Defendants precludes granting a default judgment against Lipps.  "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment.  To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Angelo Iafrate*, 370 F.3d at 722 (citations omitted).  "This principle is designed to avoid inconsistent

4

verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering defendants in the same action." *Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2008 WL 222514, at *1 (E.D. Mo. Jan. 25, 2008). "Parties are not similarly situated and a default judgment does not establish inconsistent judgments, however, if the liability of the defaulting party is based on independent wrongful acts or a legal theory distinct from the one under which the answering party prevailed." *Angelo Iafrate*, 370 F.3d at 722.

Here, Lipps is similarly situated to his Co-Defendants for both claims against him in the Second Amended Complaint; these claims allege no distinct or independent wrongful acts against Lipps and proceed under the same theory of liability. *See id*; *and see* ECF No. 84, p. 4-7. At the conclusion of the trial in this matter against Lipps' Co-Defendants, the jury issued a verdict in favor of the Co-Defendants for every claim. ECF Nos. 233 & 234. In such circumstances, this verdict accrues to the benefit of Lipps and the Court may not now direct a default judgment against Lipps that would create an "inconsistent judgment" with the prior verdict in favor of the Co-Defendants. *Angelo Iafrate*, 370 F.3d at 722; *and see Harris v. Gentile*, No. 8:20CV17, 2021 WL 3268361, at *11 (D. Neb. July 30, 2021) (denying a motion for default judgment against a non-answering defendant because the court granted summary judgment for the answering defendants on the same claims); *Universal Coop. Inc. v. ACC Flying Serv. Inc.*, No. 4:11-cv-304-DPM, 2012 WL 1019582, at *6 (E.D. Ark. Mar. 26, 2012) (denying default judgment against a non-answering defendant because it was similarly situated to the answering defendants whom plaintiff failed to state a claim against). Consequently, the Court must deny Wesley's request for default judgment against Lipps and dismiss the claims against Lipps with prejudice.[3] *See Harris*, 2021 WL 3268361

---

[3] The Court also notes that the official capacity claims against Lipps would necessarily fail on other grounds. When explaining what policy caused the alleged § 1983 violation, Wesley cited Defendants' failure to adhere to the OCDC's

at *11 (dismissing the defaulted defendant with prejudice after denying plaintiff's motion for default judgment).

### IV. CONCLUSION

For the reasons stated above, Plaintiff Kaiven Lemar Wesley's Motion for Default Judgment (ECF No. 244) is hereby **DENIED**. Plaintiff's claims against Separate Defendant Keane Lipps are hereby **DISMISSED WITH PREJUDICE**. All claims against Defendants are now **DISMISSED WITH PREJUDICE**. A Judgment of even date shall issue with this Order.

**IT IS SO ORDERED**, this 16th day of June, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

---

internal policies regarding the provision of necessary medical care. ECF No. 84, pp. 5, 7. Failure to follow internal policies is insufficient to establish a § 1983 official capacity claim because such a claim requires showing that the policy itself caused the alleged deprivation of a constitutional right. *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (noting that liability for an official capacity claim rests on showing that the official took the relevant action pursuant to an unconstitutional policy or custom).